STATE OF NORTH CAROLINA v. FREDDIE FRANKLIN STOKES

No. 704SC665

(Filed 16 December 1970)

1. **Indictment and Warrant § 14; Criminal Law § 127— quashal of indictment — arrest of judgment**

    A fatal defect in the warrant or bill of indictment should be the subject of a motion to quash before pleading, or the subject of a motion in arrest of judgment after a verdict.

2. **Intoxicating Liquor § 9— possession of distillery — sufficiency of warrant**

    Warrant adequately charged defendant with possession of property designed for the manufacture of liquor. G.S. 18-4.

**3. Criminal Law § 168— prejudicial error in instructions**

Trial court's recapitulation of the State's evidence and contentions prejudiced the defendant by their fullness, warmth, and vigor; and defendant is thereby entitled to a new trial.

ON *certiorari* to review trial before *Burgwyn, Judge of the Superior Court,* 28 April 1969 Session, SAMPSON Superior Court.

Defendant was charged in a warrant with possession of two distilleries and 1400 gallons of mash for the purpose of manufacturing liquor in violation of G.S. Chapter 18, Art. 1. He was found guilty in Sampson County Court and appealed to the Superior Court. Upon trial *de novo* in Superior Court he was again found guilty.

*Attorney General Morgan, by Staff Attorney Sauls, for the State.*

*Ray B. Brady and Alfonso Lloyd, by Ray B. Brady for the defendant.*

BROCK, Judge.

[1] Defendant moves this Court in arrest of judgment upon the grounds that the warrant does not charge defendant with an offense. If there is a fatal defect in the warrant or bill of indictment it should be the subject of a motion to quash before pleading, or the subject of a motion in arrest of judgment after a verdict.

[2] G.S. 18-4 provides that it shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violation of G.S. Chap. 18, Article 1. In this case defendant is charged with violating this statute as it pertains to possessing property designed for the manufacture of liquor. Although the warrant does not appear to be artfully drawn, it adequately charges defendant with the offense under G.S. 18-4 of possession of property designed for the manufacture of liquor intended for use in violation of G.S. Chap. 18, Article 1.

[3] Defendant assigns as error several portions of the judge's charge to the jury. Without encumbering these reports with a seriatim discussion of these assignments of error, in our opinion the fullness, the warmth, and the vigor of the trial judge's recapitulation of the State's evidence and the State's contentions

prejudicially influenced the jury against defendant and entitles him to a new trial.

New trial.

Judges MORRIS and VAUGHN concur.